IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR CASTELLANOS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DARRYL B. FERGUSON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-02261 LJO JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed December 6, 2010.

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

**B. Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C. Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  THE COMPLAINT

Plaintiff identifies the following as defendants to this action: Superior Court Judge Darryl B. Ferguson, Deputy District Attorney Phillip Cline, Deputy Public Defender Greg Hagopian, and Plaintiff's former paid defense counsel, Albert Garcia. (Doc. 1, Compl., at 2.) Plaintiff alleges in his complaint that Defendants conspired during his criminal proceedings to "intentionally and wantonly" deprive Plaintiff of his rights under the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments. (Id. at 3.) In terms of relief, Plaintiff seeks an injunction precluding the Defendants from representing him. (Id. at 6.) Plaintiff also seeks $50,000 in monetary damages. (Id.)

## III.  DISCUSSION

### A.  Defendants Hagopian and Garcia

As explained above, to state a cognizable claim under § 1983, a plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal or constitutional right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. at 48. In general, defense attorneys representing the accused in a criminal matter do not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). However, where, as here, the plaintiff claims that his defense attorneys conspired with state officials in order to obtain a conviction, the attorneys may be held liable under § 1983. See Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) ("[P]rivate parties who corruptly conspire with a judge in conjunction with the judge's performance of an official judicial act are acting under color of state law for the purpose of § 1983[.]") (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)).

Plaintiff's conspiracy allegations, however, are vague and conclusory. In order to plead a viable conspiracy claim under § 1983, a plaintiff must allege facts demonstrating an agreement or meeting of the minds between defendants to violate plaintiff's constitutional rights. Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Here, Plaintiff alleges that Defendants Hagopian and Garcia conspired with Superior Court Judge Ferguson, a state actor, to "intentionally and wantonly" deprive Plaintiff of his constitutional rights. However, there are no facts in the complaint demonstrating the existence of any agreement or meeting of the minds between Defendants Hagopian and Garcia and Superior Court Judge Ferguson. In fact, Plaintiff does not even indicate what actions taken by these defendants he actually disputes or what specific constitutional right he believes was violated. Plaintiff simply relies on his naked assertion that evidence of a conspiracy exists. Such is insufficient to state a cognizable claim. See Iqbal, 129 S. Ct. at 1949 (the complaint "must contain sufficient factual matter" to state a claim that is "plausible on its face").

Moreover, Plaintiff's conspiracy claims may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a prisoner may not seek damages under § 1983 based on allegations that imply the invalidity of his confinement until the prisoner has established, through appropriate state remedies or a federal habeas action, that his confinement is illegal. 512 U.S. at 486-87. In this case, Plaintiff seeks monetary damages for actions taken by Defendants Hagopian and Garcia during his criminal proceedings. Assuming these actions violated Plaintiff's constitutional rights, as Plaintiff's alleges, Plaintiff's success on his claims would likely imply the invalidity of his conviction and confinement. Thus, unless Plaintiff can demonstrate that his conviction relating to these matters has been overturned, his conspiracy claims against Defendants Hagopian and Garcia appear to be barred under Heck.

**B.      Defendants Judge Ferguson and Deputy District Attorney Cline**

In addition to the reasons discussed above, Plaintiff's conspiracy claim against Judge Ferguson may also fail because the judge is immune from suit. "Judicial immunity is applicable to § 1983 suits." O'Neil v. City of Lake Oswego, 642 F.2d 367, 368 n.3 (9th Cir. 1981). "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Whether an act is judicial depends on "the nature of the act

itself, i.e., whether it is a function normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 360 (1978). These considerations are to be construed generously in favor of the judge and a finding of immunity. Adams v. McIlhany, 746 F.2d 294, 297 (5th Cir. 1985).

Deputy District Attorney Cline, in his role as a prosecutor, may also be entitled to absolute immunity from § 1983 claims. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity extends to protect a prosecutor who acts within his or her authority in a quasi-judicial capacity. Id. at 430-31. Where a prosecutor acts as an advocate "in initiating a prosecution and in presenting the state's case," absolute immunity applies. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 431).

Similar to his allegations against Defendants Hagopian and Garcia, Plaintiff fails to specify which actions taken by Judge Ferguson or Defendant Cline Plaintiff actually contests. Nevertheless, assuming that Plaintiff is attempting to challenge actions that are consistent with an alleged conspiracy to obtain a criminal conviction, Plaintiff fails to state a cognizable claim. See Ashelman, 793 F.2d at 1078 ("We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

**C.    Leave to Amend**

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies, to the extent possible, identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action

alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV. CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   **January 17, 2011**                                       **/s/ Jennifer L. Thurston**
                                                                                                UNITED STATES MAGISTRATE JUDGE