IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR CASTELLANOS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DARRYL B. FERGUSON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-02261 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(Doc. 11) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 18, 2011, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff timely filed an amended complaint on February 4, 2011.

I.    **SCREENING**

    A.    **Screening Requirement**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE AMENDED COMPLAINT

Plaintiff reiterates the same allegations and claims asserted in his original complaint. Plaintiff identifies Superior Court Judge Darryl B. Ferguson, Deputy District Attorney Phillip Cline, Deputy Public Defender Greg Hagopian, and Plaintiff's former defense counsel, Albert Garcia, as defendants to this action. (Doc. 11 at 2-3.) Plaintiff claims that Defendants conspired to deny him a fair trial in violation of the Fifth, Eighth, and Fourteenth Amendments. (Id. at 4.) Plaintiff alleges that discovery will show that Defendants acted "by and through racial discrimination." (Id.) As relief, Plaintiff seeks an injunction enjoining Defendants from imposing harsher punishment against Plaintiff during his collateral attack on his sentencing enhancement. (Id. at 5.) Plaintiff also seeks $50,000 in monetary damages from each defendant. (Id.)

## III.   DISCUSSION

### A.   Equal Protection

Plaintiff's allegations of racial discrimination implicate the Equal Protection Clause of the Fourteenth Amendment. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff, 418 U.S. at 556. To state a viable equal protection claim in this regard, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Temple Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th

Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Here, the amended complaint is devoid of any "factual matter" demonstrating that Defendants acted with racial animus. Iqbal, 129 S. Ct. at 1949. Plaintiff's bald assertion that discovery will reveal racial discrimination on the part of Defendants is insufficient to meet Plaintiff's pleading obligations under Federal Rule of Civil Procedure 8(a). Id.; Ivey, 673 F.2d at 268. As such, Plaintiff fails to state a cognizable equal protection claim.

### B. Conspiracy

To plead a viable conspiracy claim under § 1983, a plaintiff must allege facts demonstrating an agreement or meeting of the minds between defendants to violate plaintiff's constitutional rights. Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Again, Plaintiff has failed to allege specific facts in the amended complaint, let alone facts showing that Defendants reached an agreement to violate his constitutional rights. Plaintiff thus fails to state a cognizable conspiracy claim.

### C. Heck Bar

In its screening order, the Court advised Plaintiff that his claims may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff was told that to the extent that he seeks monetary damages for claims involving his past criminal proceedings, he must demonstrate that those proceedings have been invalidated through appropriate state remedies or by a federal habeas action. See Heck, 512 U.S. at 486-87 (a prisoner may not seek damages under § 1983 based on allegations that imply the invalidity of his confinement until he has established that his confinement is illegal). Plaintiff, however, has failed to demonstrate in his amended complaint that his criminal convictions relating these matters have been overturned or otherwise invalidated. Accordingly, Plaintiff's claims for monetary damages are barred under Heck.

### D. Immunity

Plaintiff's claims for monetary damages against Superior Court Judge Darryl B. Ferguson and Deputy District Attorney Cline are also barred, as these defendants are immune from suit. As the Court previously explained to Plaintiff in its screening order, "judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th

Cir. 1986). Also, where a prosecutor acts in a quasi-judicial capacity "in initiating a prosecution and in presenting the state's case" he too enjoys immunity from suit. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 431). Thus, Plaintiff may not recover damages based on his conclusory allegation that Superior Court Judge Darryl B. Ferguson and Deputy District Attorney Cline conspired against him during his criminal proceedings. Ashelman, 793 F.2d at 1078 (conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding, while improper, does not pierce the immunity extended to them).

### E. No Leave to Amend

The Court dismissed the original complaint with leave to amend and informed Plaintiff of the deficiencies of his claims. Plaintiff has failed to amend the complaint in a meaningful way to address the deficiencies identified by the Court in its screening order. Accordingly, the Court will recommend that this action be dismissed for failure to state a claim. See Lopez, 203 F.3d at 1127 (leave to amend should be granted unless the court determines that the pleading cannot be cured); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff regarding the deficiencies in the pleadings prior to dismissing claim without leave to amend).

## IV. CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** for failure to state a cognizable claim; and
2. This case be closed.

///
///
///
///
///
///
///
///

5

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. If Plaintiff elects to file written objections, he should caption the document as "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 9, 2011**                                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE