IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR CASTELLANOS,<br><br>        Plaintiff,<br><br>   vs.<br><br>DARRYL B. FERGUSON, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:10-cv-02261 LJO JLT (PC)<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(Doc. 21) |

Plaintiff is a state prisoner proceeding pro se and in forma paueris. On February 9, 2011, the undersigned issued findings and recommendations recommending that this action be dismissed for Plaintiff's failure to state a claim. (Doc. 12.) The findings and recommendations were adopted in full by the assigned district judge and judgment was entered against Plaintiff on March 8, 2011. (Docs. 14 & 15.) Plaintiff subsequently filed a notice of appeal. (Doc. 19.) On April 13, 2011, the Ninth Circuit referred this matter back to this Court for the limited purpose of deciding whether Plaintiff's in forma pauperis status should continue on appeal. (Doc. 21.) For the reasons set forth below, the undersigned concludes that it should not.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958). An action is frivolous "where it lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

Here, Plaintiff's claims clearly lack any arguable basis in law.  First, Plaintiff alleges, without providing facts, that Defendants conspired to discriminate against Plaintiff in violation of the Fifth, Eighth, and Fourteenth Amendments.  (Doc. 11 at 4.)  These allegations amount to nothing more than legal conclusions and, as such, are insufficient to state a cognizable claim under Federal Rule of Civil Procedure 8(a)(2).  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Second, to the extent that Plaintiff seeks to recover damages for unconstitutional violations that allegedly took place during his criminal proceedings, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) because he has not shown that his conviction has been reversed or otherwise expunged.  Third, Defendant Ferguson enjoys judicial immunity as a state court judge, and Defendant Cline enjoys prosecutorial immunity as an assistant district attorney.  See, e.g., Williams v. Goldsmith, 701 F.2d 603 (7th Cir. 1983) (denying plaintiff's in forma pauperis application because defendants were immune from suit and therefore the action was frivolous).

Accordingly, it is **HEREBY ORDERED** that:

1. The Court certifies that Plaintiff's appeal is not taken in good faith, and Plaintiff's in forma pauperis status is **REVOKED**;
2. Within thirty (30) days after service of notice of this order, Plaintiff may file a motion for leave to proceed in forma pauperis on appeal in the Ninth Circuit, see Fed. R. App. P. 24(a)(5); and
3. The Clerk of the Court is directed to forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **April 15, 2011**                      /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE